UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

| | | |
|---|---|---|
| MOISE GABRIEL GOMIS,<br><br>Petitioner,<br><br>v.<br><br>ARTHUR MAGLINGER,<br>Jailer, Daviess County Jail,<br><br>TODD BLANCHE,<br>Acting Attorney General of the United States,<br><br>MARKWAYNE MULLIN,<br>Secretary of the Department of Homeland Security, (DHS),<br><br>DAVID VENTURELLA,<br>Acting Director, United States Immigration and Customs Enforcement (ICE),<br><br>Respondents. | ) | Civil Action No. 4:26-cv-563-CHB<br><br>**ORDER TO SHOW CAUSE** |

***    ***    ***    ***

This matter is before the Court on the Petition for Writ of Habeas Corpus. [R. 1]. Accordingly, and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED** as follows:

1. The Clerk of Court **SHALL** serve by certified mail, return receipt requested, one copy of the Petition, [**R. 1**], and this Order to each Respondent not subject to that certain Memorandum of Understanding dated January 20, 2026, entered into by the Court and the U.S. Attorney's Office for the Western District of Kentucky.

2. Respondents **SHALL SHOW CAUSE** why the Petition for Writ of Habeas Corpus, [R. 1], should not be granted, by no later than **Tuesday, August 25, 2026**. *See* 28 U.S.C. § 2243; Fed. R. Civ. P. 6(a). In their response, Respondents **SHALL** address the Sixth Circuit's recent decision in *Lopez-Campos v. Raycraft*, 175 F. 4th 713 (6th Cir. 2026), and **SHALL** advise whether the present matter raises only a legal question of whether § 1225(b)(2)(A) or § 1226(a) governs the petitioner's detention and whether continued detention without a bond hearing violates due process, such that the present matter must be resolved in Petitioner's favor under *Lopez-Campos*.

3. Petitioner **SHALL** file his reply by no later than **Wednesday, August 26, 2026**.

4. A **Hearing** is scheduled for **Friday, August 28, 2026, at the hour of 10:45 a.m. (Eastern Standard Time),** before the Honorable Claria Horn Boom, United States District Court Judge. **The hearing will be held via Zoom**. Counsel **SHALL** contact the Court's case manager, John Slone, at john_slone@kywd.uscourts.gov, to arrange to appear on Zoom.

5. Petitioner must notify the Court **on or before Wednesday, August 26, 2026,** if an interpreter is necessary for the hearing.

6. Petitioner **MAY** appear by Zoom if the option is available with the Daviess County Jail, **and** so long as Petitioner's appearance is not required as set forth in the following paragraph. *See* 28 U.S.C. § 2243.

7. If the Petitioner asserts that there are issues of fact necessary to be addressed in the hearing, then they **SHALL** inform the Respondents and provide notice to the Court **by Wednesday, August 26, 2026**, and the Respondent **SHALL** produce the body of the person detained at the hearing. *See* 28 U.S.C. § 2243 ("Unless the application for the writ and the return present only issues of law the person to whom the writ is directed shall be required to produce at the hearing the body of the person detained.").

8. Should the parties agree to forgo a hearing and proceed on their briefs, they may file a joint motion no later than **by Wednesday, August 26, 2026**, advising the Court of that request and proposing an agreed upon briefing schedule.

9. In conjunction with each of their separate briefs, the parties **SHALL** provide the following documents to the Court *as applicable*. The Court recognizes that not all the documents stated below will apply or be relevant. However, to the extent appliable, the Court requests:

a. Form I-220A Order of release on Recognizance;

b. Form I-862 Notice to Appear;

c. Form I-863 Notice of Referral to Immigration Judge;

d. Form I-200 Warrant for Arrest;

e. Form I-94 Arrival/Departure Record;

f. Form I-286 Notice of Custody Determination;

g. Form I-867AB Record of Sworn Statement in Proceeding;

h. Form I-860 Notice and Order of Expedited Removal;

i. Form I-247 Notice of Temporary Inadmissibility;

j. Form I-238 Notice of Permanent Inadmissibility;

k. Any work authorization or adjustment of status petitions such as an I-765 or an I-360; and

l. Any other related immigration documents the parties believe may be applicable.

10. As part of their briefs, the parties **SHALL** address the following issues, *as applicable*. The Court recognizes that not all the questions below will apply or be relevant. However, to the extent applicable, the Court requests that the parties address the following:

a. Where did petitioner enter the United States?

b. Was petitioner examined by a Customs and Border Patrol Officer ("CBP") or immigration officer at that time, if not, has petitioner ever presented himself to a CBP or immigration officer for inspection or examination, when and where?

c. How long has petitioner been present in the United States?

d. Did petitioner receive a Notice To Appear, and if so, when was it received?

e. Has petitioner ever been Admitted or Paroled into the country, and if so, what documentation does petitioner have?

f. Did petitioner receive an I-94 form?

g. What forms, if any, did CBP, DHS, or ICE provide to petitioner, and when and how were those forms served?

h. Were the forms provided, or read, in petitioner's native language?

i. Has petitioner been referred for a 1229a proceeding, or in the alternative, where does petitioner currently stand in the removal process?

j. Where and how was petitioner detained, and what documents were provided at the time of detention?

k. Has petitioner received a Form I-200 Warrant for Arrest?

l. Has petitioner appeared in front of an Immigration Judge, and if so, when and for what purpose?

m. Has petitioner ever been granted a bond hearing, if so, what were the results of such hearing?

n. Has petitioner applied for any adjustment of status or work authorization permit, and if so, what is the current status of the application(s)? And, if he has a work permit or visa, has he ever been notified that it has been cancelled?

This the 20th day of August, 2026.

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF KENTUCKY

Claria Horn Boom

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc: Counsel of Record